IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRAMAINE TURNER o/b/o | ) | |
| HASSAN TURNER | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:04cv986-M |
| | ) | [WO] |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Claimant Tramaine Turner ["Turner"] has filed this action on behalf of her minor son, Hassan ["Hassan"], seeking review of a final decision by the Commissioner of Social Security ["Commissioner"] (Doc. # 1) pursuant to 42 U.S.C.42 U.S.C. § 1383(c)(3) (2004). Upon review of the record and the briefs submitted by the parties, the court concludes that the Commissioner's decision should be reversed and remanded.

**I.   FACTS AND PROCEDURAL BACKGROUND**

At the age of four, before he began kindergarten, Hassan was diagnosed with Attention Deficit Hyperactivity Disorder ["ADHD"]. (R. 282). Throughout most of his first few years of school, Hassan's condition had no apparent effect on his academic performance, including his grades, which were As and Bs, and his classroom behavior. (R. 259, 310, 315-15, 428-30). Beginning toward the end of second grade and continuing at least until the end of the 2003-04 school year, however, Hassan's performance and behavior declined,

eventually to the point that he was failing most of his classes and his teachers regularly punished him for disrupting class and reacting badly to criticism and correction.  (R. 142-45, 147-50, 177-87, 194-228, 233-281, 348-397).[1]

Attributing this downturn to Hassan's medical condition, Turner first applied for Supplemental Security Income ["SSI"] benefits on Hassan's behalf in February 2000 during his second grade year.  (R. 106).  This application was denied initially, and Turner's request for a hearing was denied as untimely.  (Doc. # 12, p. 2).  A second application also was denied initially, and a subsequent hearing before a Social Security Administration ["SSA"] administrative law judge ["ALJ"] resulted in an unfavorable decision. (R. 17-25).  The SSA Appeals Council ["AC"] denied Turner's request for a review of the ALJ's decision; therefore, the ALJ's opinion constitutes the Commissioner's final decision.  Turner then filed this timely lawsuit.  (Doc. # 1).

## II.   STANDARD OF REVIEW

The district court's review of the Commissioner's decision is a limited one. Reviewing courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Miles v. Chater*, 84 F. 3d 1397, 1400 (11th Cir. 1996) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  The court

---

[1]Toward the end of his second grade year, Hassan was also diagnosed with Oppositional Defiant Disorder (R. 288).  He has also been diagnosed with enuresis and anemia, but the evidence provides little insight into either of these conditions and offers no indication how, if at all, they may influence a disability determination.  (R. 310).

must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied," **_Kelley v. Apfel_**, 185 F.3d 1211 (11th Cir. 1999) (citing **_Graham v. Apfel_**, 129 F. 3d 1420, 1422 (11th Cir. 1997)).[2]

This is true despite the fact that "[s]ubstantial evidence may even exist contrary to the findings of the ALJ." **_Barron v. Sullivan_**, 924 F.2d 227, 230 (11th Cir. 1991). "There is no presumption, however, that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid." **_Miles_**, 84 F. 3d at 1400 (citations omitted).

## III.   DISCUSSION

In addition to her general argument that the Commissioner's decision is not supported by substantial evidence, Turner contends that:

- the ALJ committed reversible error by failing to consider Hassan's school records (Doc. # 12, pp. 5-10); and, alternatively,

- remand is required to allow the ALJ to review newly acquired evidence (Doc. # 12, pp. 10-12).

As discussed *infra*, the Court agrees that the ALJ failed to consider relevant evidence

---

[2]In **_Graham v. Apfel_**, 129 F. 3d at 1422, the Court of Appeals stated that:

> Substantial evidence is described as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. **_See Richardson v. Perales_**, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

on the record before him, and this failure compels the court to reverse and remand the Commissioner's decision.  Therefore, it is not necessary to review the ALJ's factual findings in detail. Nor is it necessary for the court to determine whether the allegedly newly acquired evidence would require remand.

**A.**     *Review of Hassan's School Records*

For purposes of evaluating eligibility for SSI benefits, a child is considered disabled when he or she has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (2004).  Perhaps the most important evidence the SSA "will" consider in determining the severity of a child's "functional limitations" are school records, including standardized tests and statements from teachers.

> If you go to school, we will ask for information from your teachers and other school personnel about how you are functioning there on a day-to-day basis compared to other children your age who do not have impairments.  We will ask for any reports that the school may have that show the results of formal testing or that describe any special education instruction or services, including home-based instruction, or any accommodations provided in a regular classroom.

20 C.F.R. § 416.924a (a)(2)(iii).

The social security regulations go on to state:

> Information about what you can and cannot do, and how you function on a day-to-day basis at home, school, and in the

4

community, allows us to compare your activities to the activities
of children your age who do not have impairments.

. . .

[I]f you attend school (including preschool), the records of
people who know you or who have examined you are important
sources of information about your impairment(s) and its effects
on your functioning.  Records from physicians, teachers and
school psychologists, or physical, occupational, or speech-
language therapists are examples of what we will consider.  If
you receive early intervention services or go to school or
preschool, we will consider this information when it is relevant
and available to us.

. . .

[W]e will ask your teacher(s) about your performance in your
activities throughout your school day.  We will consider all the
evidence we receive from your school, including teacher
questionnaires, teacher checklists, group achievement testing,
and report cards

20 C.F.R. §§ 416.924a(b)(3), (7).

While an ALJ is not required to discuss every piece of evidence on the record,
*McCray v. Massanari*, 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001) (quoting *Black v.
Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)),  he  must nonetheless "develop a full and fair
record", which, at least, means that his opinion must describe his analysis with enough detail
to satisfy a reviewing court that he gave all of the relevant evidence before him its due
regard.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Without this information, "it is impossible for a reviewing court to determine whether
the ultimate decision on the merits of the claim is rational and supported by substantial

evidence." *Id.* "Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight [s]he has given to obviously probative exhibits, to say that h[er] decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Arnold v. Sec'y of Health, Ed. and Welfare*, 567 F.2d 258, 259 (4th Cir. 1977) (quoting *Oppenheim v. Finch*, 495 F.2d 396 (4th Cir. 1974)) *quoted in Cowart*, 662 F.2d at 735.

The record in this case contains 103 pages of school records,[3] which include at least three teacher questionnaires generated by the SSA, as compared to 66 pages of medical records. (R. 142-45, 147-50, 177-87, 194-228, 233-81, 282-347). Included among the school records are report cards and standardized test scores, as well as detailed notes from teachers and letters from teachers, nurses and administrative staff regarding Hassan's behavior.

The impact of these materials upon the outcome in this case is not for this court to decide. It is enough to note that they are highly relevant and perhaps probative. Yet, the ALJ's opinion fails to mention the school records, and it lacks any indication that he knew either of their existence or his responsibility to discuss them. His "Evaluation of the Evidence" refers only to Hassan's medical records and Turner's testimony at the hearing. "In the absence of specific mention by the ALJ of all of the factors, opinions, and

---

[3]Not including the additional 50 pages of school records Turner provided to the AC after the ALJ had issued his opinion. (R. 348-97).

circumstances that contributed to his findings, the court must conclude that the ALJ did not consider them." ***Cook v. Barnhart***, 347 F. Supp. 2d 1125 (M.D. Ala. 2004).  The ALJ's failure constitutes legal error.[4]

**B.      *The Appropriate Remedy***

Having found that the ALJ erred, the court must next determine the appropriate remedy.  Turner contends that

> [a] court is empowered under 42 U.S.C. § 405 (g) to reverse the Commissioner's decision without remand in cases where the Commissioner's decision is "in plain disregard of the overwhelming weight of the evidence." Venette v. Apfel, 14 F. Supp.2d 1307, 1314 (S.D. Fla.1998).  In cases where the evidence has been fully developed and "unequivocally points to a specific finding," the court may enter the finding that the Commissioner should have made.

(Doc. # 12, p. 9).  Turner's point is misdirected.  Both her argument and the court's opinion are predicated on the fact that the evidence has *not* "been fully developed." *Id.*  Furthermore, while the evidence not reviewed by the ALJ may change the ultimate outcome in this case, it certainly does not compel such a conclusion.  Therefore, reversal without remand is not appropriate.

Nevertheless, because the ALJ's error may have prejudiced Hassan, reversal is

---

[4]The court is not suggesting that the ALJ's discussion of the evidence reviewed was insufficient.  On the contrary, the ALJ thoroughly reviewed the medical evaluations and Turner's testimony.  Considering the importance the SSA assigns to a child's school records, the court holds only that they are deserving of similarly thorough treatment.

warranted, and the case should be remanded to allow the ALJ to consider the entire administrative record, including the school records submitted for the AC's review after the ALJ's opinion issued (R. 348-397).  *See Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) (discussing sentence four remands).  The additional evidence—school records created within the relevant time period shortly before the ALJ issued his opinion—is material and constitutes part of the administrative record.[5]  *Cf.* 20 C.F.R. § 404.970(b); *Threet v. Barnhart*, 353 F.3d 1185 (10th Cir. 2003) (discussing review of evidence submitted to the appeals council after the ALJ has issued an opinion).

## IV.   CONCLUSION

Therefore, it is hereby

ORDERED that the Commissioner's final decision be and is REVERSED and REMANDED, pursuant to sentence four of 42 U.S.C. 405(g), further deliberation not inconsistent with this opinion.  Specifically, the Commissioner is instructed to discuss in detail all of the evidence in the administrative record, including Hassan's relevant school records.

DONE this 18th day of July 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[5]The court does not decide whether this evidence alone would warrant remand.